Wheeler, J.
The defendant is a public service corporation engaged in the distribution and sale of natural gas to various communities and villages in western New York.
The villages of Warsaw and Perry are among the villages so served. The defendant operates in the village of Perry, under a franchise granted by that village September 23, 1908. The franchise conferred provides that, in consideration of its grant, the grantee should furnish to the inhabitants of said village natural gas at a rate to the consumer not to exceed forty-five cents per 1,000 cubic feet, and to the village for heating and lighting the village clerk’s office and other municipal buildings at a rate of twenty cents per 1,000.
The franchise given by the village of Warsaw was granted on substantially the same terms, saving that the rate to private consumers was not to exceed forty cents per 1,000 cubic feet.
In August, 1919, the gas company filed a petition with the public service commission of the state for permission to charge consumers in the counties of Genesee, Wyoming, Livingston and Monroe seventy-five cents per 1,000 cubic feet, on the ground that the maximum rates fixed by franchises obtained were inadequate to provide an adequate return to the company. The villages of Perry and Warsaw have filed answers to the petition. Hearings have been had, and the matter is now pending undecided before the public service commission on issues so raised-
Luring tne pendency of that proceeding and pn *567 February 7, 1920, the defendant filed with that commission a new schedule of rates, in which schedule it' is stated the new rate will become effective March 10, 1920, and said company threatens to enforce said new rates against consumers from that date. Thereupon the plaintiffs brought these actions to restrain the charging of any but the franchise rates until the final determination of the proceedings before the public service commission.
The plaintiffs concede at the very outset of the argument had before this court that the public service commission has the power to regulate the price of gas. It has been so decided in the case of People ex rel. Village of South Glens Falls v. Public Service Commission, 225 N. Y. 216.
The plaintiffs further concede that but for the provisions of the franchises granted by the village plaintiffs the defendant, after the expiration of thirty days from the time of filing the new schedule of rates, would have the right to operate under the amended rates until the public service commission, by order after a hearing in proceedings instituted under the Public Service Commissions Law, shall have passed upon and determined the reasonableness or unreasonableness of such new rates, and fixed a rate which shall govern the supplying of gas. This has been decided by this court in the case of Public Service Commission v. Iroquois Natural Gas Co., 184 App. Div. 285.
The plaintiffs, however, contend that inasmuch as the franchises under which the defendant operates in the villages of Perry and Warsaw have fixed the rates to be charged to consumers the franchise rate cannot be changed by the defendant until the public service commission has authorized a change.
This precise question, so far as we are aware, has never been passed on before. It must be solved by *568 the applications of general principles to the case in hand.
In the first place we start with the proposition as stated in Matter of Quinby v. Public Service Comm., 223 N. Y. 244, 262, that a grant by a municipality to use its streets is not a mere privilege or gratuity. Once accepted, it becomes a contract. Citing People v. O’Brien, 111 N. Y. 1.
It had been said that contracts of this character were so inviolate that even it was beyond the power of the legislature to change or modify their terms. The later authorities, however, hold, as stated in People ex rel. Village of South Glens Falls v. Public Service Commission, supra, 223, that: “A municipal corporation is simply a political subdivision of the state and exists by virtue of legislative enactments. Bate regulation is a matter of the police power of the state and the terms and conditions such as here in question contained in a franchise to a service corporation may be modified without impairing the obligation of a contract within the provisions of the Constitution.” See, also, authorities cited.
In Louisville & Nashville R. R. Co. v. Mottley, 219 U. S. 467-482, the court quotes with approval from Knox v. Lee, 12 Wall. 457, 550, 551, viz.: “ Contracts must be understood as made in reference to the possible exercise of the rightful authority of the Government, and no obligation of a contract can extend to the defeat of legitimate government authority.”
Consequently it was held in the South Glens Falls case that the state, acting through its public service commission, had the authority, acting under its general police powers, to increase the rate chargeable to prívale gas consumers above that stipulated in its franchise grant. See, also, Union Dry Goods Co. v. Georgia Public Service Corporation, 248 U. S. 372; *569 Matter of International R. Co. v. Public Service Comm., 226 N. Y. 481, 482.
When and by whom shall this police power be exercised to modify an existing franchise rate? The evident answer is only by the state through its regularly constituted authorities. It would seem most illogical that a party to such franchise contract desiring to avoid its obligations might on its own motion, and without the consent of state authority, repudiate its obligations under the franchise, and undertake to exercise the police power alone vested in the state. But that in effect is just what the defendant in this case has undertaken to do. It is true it has petitioned the public service commission for leave to increase its rates for gas furnished consumers, and that proceeding is now pending before that body; but until a final decision in that proceeding is rendered and for the time being the defendant proposes to charge consumers the increased rate specified in its amended tariff schedule. In other words, it proposes to be a law unto itself for the time being, and until the public service commission finally acts. We do not think that position can be sustained upon principle — and that until the public service commission decides the defendant is entitled to a higher rate for gas it is bound by the franchise rates agreed on in the grants given by the village plaintiffs.
It is for the state to determine whether a modification of the franchise rate shall be made, and not for the defendant.
These views are not in conflict with the decision of this court in the case of Public Service Commission v. Iroquois Natural Gas Co., 184 App. Div. 285.
The public service commission in that case sought to enjoin the Iroquois Natural Gas Company from charging consumers an increased rate for natural gas *570 pending the final decision of the commission on an application made by the gas company to increase its former rate. The Iroquois Natural Gas Company operated in the city of Buffalo, but the franchise obtained from that city in no way undertook to fix or limit the price to be paid by consumers. The public service commission, however, based its claim to restrain temporary advances in rates pending the application before it to increase rates on a stipulation entered into between the commission and that company, in which it had been agreed that in consideration of the consent of the commission to a certain capitalization of the gas company that company would not use such capitalization as a basis for an increase of the then rate to consumers.
This stipulation was before the Appellate Division for analysis and interpretation, and the court construing its provisions held that it was only an agreement not to use the capitalization of the company as a basis for a change of rate, and was not an agreement that no new schedule of rates should be filed with the public service commission and put into operation as authorized by the Public Service Commissions Act; until superseded by the order of the public service commission. It will be noted that in the Iroquois Natural Gas Company case no franchise rate existed, and no rate even established or agreed on by the stipulation referred to, which differentiates that case from the one now in hand.
The Appellate Division apparently denied an injunction against the Iroquois Natural Gas Company holding the stipulation only related to the capitalization as a basis of rate, and did not prevent the gas company from proceeding as authorized by the Public Service Commissions Law. The decision turned .entirely on the .construction of the stipulation before *571 the court, and not on the question now before us. It might be argued, however, that inferentially, at least, the Iroquois Natural Gas case is an authority in support of the views here expressed, for had the contention now urged by the defendant been good it would have been sufficient for the Appellate Division to have held that the law gave the Iroquois Gas Company the right to raise rates whether the stipulation fixed a, rate or not. This the Appellate Division did not hold, but disposed of the case on other grounds.
We think the plaintiffs have established the right to thé injunction asked. Our decision is based on the theory that the terms of franchises such as the defendant enjoys in the villages of Perry and Warsaw cannot be disregarded by the defendant until the franchises are modified by the state, acting through its public service commission, under the police powers reserved to the state.
The plaintiffs’ motions for injunctions are, therefore, granted.
Motions granted.